**FILED**

**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 734**

| | |
|---|---|
| MICHAEL L. BAILEY, and<br>MICHELLE BAILEY,<br><br>        Plaintiffs,<br><br>        -vs-<br><br>ELGIN, JOLIET & EASTERN<br>RAILWAY COMPANY and,<br>USX CORPORATION,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGE GRADY**
**MAGISTRATE JUDGE DENLOW**

Case No.:

TRIAL BY JURY DEMANDED

<u>**COMPLAINT**</u>

The plaintiffs, MICHAEL L. BAILEY and MICHELLE BAILEY, by their attorneys, ROBERT E. HARRINGTON, JR. and PATRICK J. HARRINGTON of HARRINGTON, THOMPSON ACKER & HARRINGTON, LTD., complaining of defendants, ELGIN, JOLIET & EASTERN RAILWAY COMPANY and USX CORPORATION, states:

**COUNT I**
**MICHAEL L. BAILEY V. ELGIN, JOLIET & EASTERN RAILWAY COMPANY**

_____1.    Defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY is a corporation operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court.  Plaintiff invokes the jurisdiction of this court under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2.    At the time and place alleged herein, plaintiff  MICHAEL L. BAILEY was employed by defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY as a yard foreman,  and his duties as such were in furtherance of interstate commerce for defendant. At said time and place, both  plaintiff and defendant were subject to the Federal Employers' Liability Act, *45 U.S.C. §51 et seq* and the Code of Federal Regulations, *49 C. F. R. Part 213*, Track Safety Standards.

3.    That on or about February 5, 2006, plaintiff was injured while working for defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY at or near the Tin Mill Yard, Gary, Indiana.

4.    At said time and place, and in furtherance of his duties, plaintiff was walking between tracks 14 and 16.  As plaintiff walked along the designated walkway, the ground collapsed under plaintiff causing him to fall and be injured.

5.    Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY'S business, and it was defendant's duty to plaintiff to exercise ordinary care to furnish him with a reasonably safe place in which to work; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed employee complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place; and it was defendant's absolute duty to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

6.    Defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY, at the time and place alleged, notwithstanding its' duties, was careless and negligent in one or more of the following particulars and thereby caused injury to plaintiff:

a.    In failing to exercise ordinary care to provide plaintiff with a reasonably safe place in which to work;

b.    In failing to exercise ordinary care to use reasonably safe methods in their track operations;

c.    In failing to inspect the walkway;

d.    In failing to maintain the walkway;

e.    In failing to heed employee complaints regarding the hazardous condition of the walkway and in failing to take remedial measures in response to same;

f.    In failing to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

g.    In failing to comply with 49 C.F.R. 213.33, Track Safety Standards, which states: "Each drainage or other water carrying facility under or immediately adjacent to the roadbed must be maintained and kept free of obstruction to accommodate expected water flow for the area concerned."

h.    In failing to warn plaintiff so as to avert injury to him at said time and place; and

i.    In delegating its' non-delegable duty to plaintiff to furnish him with a reasonably safe place in which to work, including the Tin Mill where it sent him to work.

7.    Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law caused in whole or in part by the careless and negligent acts and omissions of defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY.

WHEREFORE, plaintiff MICHAEL L. BAILEY asks for judgment against the

defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

### COUNT II
### MICHAEL L. BAILEY V. USX CORPORATION

1.    Defendant USX CORPORATION is a corporation incorporated in the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil Procedure 20 and *28 U.S.C. §1367*.

2.    Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy.

3.    Jurisdiction of this Court is also invoked against this defendant under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

4.     Defendant USX CORPORATION is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois,  and is subject to service of process and to the jurisdiction of this Court.

5.    That on or about February 5, 2006, plaintiff was injured while working for defendants ELGIN, JOLIET & EASTERN RAILWAY COMPANY and USX CORPORATION at or near the Tin Mill Yard, Gary, Indiana.

6.    At said time and place, and in furtherance of his duties, plaintiff was walking between tracks 14 and 16.  As plaintiff walked along the designated walkway, the ground

4

collapsed under plaintiff causing him to fall and be injured.

7.     At the time of the accident and injury alleged herein, defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY and its employees were operating trains on the property of USX CORPORATION under an agreement so that plaintiff was engaged in and was performing work for the mutual benefit and interest as well as in furtherance of interstate commerce for both defendants.  By virtue thereof,  both plaintiff and defendant USX CORPORATION were subject to the Act of Congress known as the Federal Employer's Liability Act, *45 U.S.C. §51* and the Code of Federal Regulations, *49 C. F. R. Part 213*, Track Safety Standards.

8.     Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant USX CORPORATION's business, and it was this defendant's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place;  and it was defendant's absolute duty to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

9.     Defendant USX CORPORATION, notwithstanding its' duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to plaintiff:

       a.     In failing to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there;

b.     In failing to exercise ordinary care to use reasonably safe methods in their track operations;

c.     In failing to inspect the walkway:

d.     In failing to maintain the walkway;

e.     In failing to heed complaints regarding the hazardous condition of the walkway and in failing to take remedial measures in response to same;

f.     In failing to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

g.     In failing to comply with 49 C.F.R. 213.33, Track Safety Standards, which states: "Each drainage or other water carrying facility under or immediately adjacent to the roadbed must be maintained and kept free of obstruction to accommodate expected water flow for the area concerned."

h.     In failing to warn plaintiff so as to avert injury to him at said time and place.

10.     Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of defendant USX CORPORATION.

WHEREFORE, plaintiff MICHAEL L. BAILEY asks for judgment against defendant USX CORPORATION in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

## COUNT III
## MICHAEL L. BAILEY V. USX CORPORATION

1.     Defendant USX CORPORATION is a corporation incorporated in the State

6

of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil Procedure 20 and *28 U.S.C. §1367*.

2.      Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to  form part of the same case and controversy.  Defendant USX CORPORATION is subject to the jurisdiction and service of process of this Court.

3.      That on or about February 5, 2006, plaintiff was injured while working for defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY at or near the Tin Mill Yard, Gary, Indiana.

4.      At said time and place, and in furtherance of his duties, plaintiff was walking between tracks 14 and 16.  As plaintiff walked along the designated walkway, the ground collapsed under plaintiff causing him to fall and be injured.

5.      At the time and place alleged herein, plaintiff was an invitee upon premises owned, possessed and controlled by defendant USX CORPORATION, engaged in his duties for the mutual interests and benefit of both defendants, and it became and was the duty of defendant USX CORPORATION to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place.

6.    Defendant USX CORPORATION, notwithstanding its' duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to plaintiff:

a.    In failing to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there;

b.    In failing to exercise ordinary care to use reasonably safe methods in their track operations;

c.    In failing to inspect the walkway:

d.    In failing to maintain the walkway;

e.    In failing to heed complaints regarding the hazardous condition of the walkway and in failing to take remedial measures in response to same;

f.    In failing to properly maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed;

g.    In failing to keep each drainage or other water carrying facility under or immediately adjacent to the roadbed free of obstruction to accommodate expected water flow for the area concerned.

h.    In failing to warn plaintiff so as to avert injury to him at said time and place.

7.    Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of defendant USX CORPORATION.

WHEREFORE, plaintiff MICHAEL L. BAILEY asks for judgment against defendant USX CORPORATION in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as

8

compensatory damages, plus the costs of this lawsuit.

**COUNT IV**
**MICHELLE BAILEY V. USX CORPORATION**

1.      Defendant USX CORPORATION is a corporation incorporated in the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil Procedure 20 and *28 U.S.C. §1367*.  Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to  form part of the same case and controversy.  Defendant USX CORPORATION is subject to the jurisdiction and service of process of this Court.

2, 3, 4, 5, 6 and 7.      As paragraphs 2, 3, 4, 5, 6 and 7, plaintiff adopts and reasserts the allegations of paragraphs 2, 3, 4, 5, 6 and 7 of Count III as if fully set forth herein as permitted by Rule 10(c) of the Federal Rules of Civil Procedure.

8.      Plaintiff MICHELLE BAILEY is and was at all times alleged herein the lawful wedded wife of MICHAEL L. BAILEY, and she was living with, consorting and cohabiting with her husband.

9.      As a direct and proximate result of the injuries sustained by her husband, MICHAEL L. BAILEY, plaintiff MICHELLE BAILEY has suffered a loss of services of her husband, which prior to his injuries, had been of great value to her, and she has been deprived of his affection, society, companionship and consortium.

10.      As a further direct and proximate result of the injuries sustained by her husband, MICHAEL L. BAILEY, plaintiff MICHELLE BAILEY has been caused to expend

9

money in and about having the services performed for her which previously had been performed by her husband, and will be compelled in the future to expend money for the services which her husband could and would have performed for her.

WHEREFORE, plaintiff MICHELLE BAILEY asks for judgment against defendant USX CORPORATION   in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

/s/ Patrick J. Harrington
_____Robert E. Harrington, Jr
Patrick J. Harrington
Daniel W. Pisani
Attorneys for Plaintiff

HARRINGTON, THOMPSON, ACKER & HARRINGTON, LTD.
180 North Wacker Drive, Third Floor
Chicago, IL 60606
312-332-8811
312-332-2027 Fax
htah@harringtonlaw.com