IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael L. Bailey, and<br>Michelle Bailey,<br><br>           Plaintiffs,<br><br>v.<br><br>Elgin, Joliet & Eastern<br>Railway Company and,<br>USX Corporation,<br><br>           Defendants. | No. 08 C 734<br><br><br><br>**Defendant Demands Trial By Jury** |

**ELGIN, JOLIET & EASTERN RAILWAY COMPANY**
**ANSWER AND AFFIRMATIVE DEFENSES**

The defendant Elgin, Joliet & Eastern Railway Company, by counsel, responds as follows to plaintiff's complaint.

**COUNT 1**

**Michael L. Bailey v. Elgin, Joliet & Eastern Railway Company**

**PARAGRAPH NO. 1:** Defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY is a corporation operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court. Plaintiff invokes the jurisdiction of this court under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

**ANSWER:** This defendant admits that it operates a railroad as a common carrier in interstate commerce and is subject to the jurisdiction of this court. This defendant denies each and every other allegation contained in paragraph 1.

**PARAGRAPH NO. 2:** At the time and place alleged herein, plaintiff MICHAEL L. BAILEY was employed by defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY as a yard foreman, and his duties as such were in furtherance of interstate commerce for defendant. At said time and place, both plaintiff and defendant were subject to the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq* and the Code of Federal Regulations, 49 C. *F. R. Part* 213, Track Safety Standards.

**ANSWER:** This defendant admits that at the time and place alleged that Michael L. Bailey was employed by it. Further answering said paragraph 1, this defendant denies each and every other allegation contained in paragraph 2.

**PARAGRAPH NO. 3:** That on or about February 5, 2006, plaintiff was injured while working for defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY at or near the Tin Mill Yard, Gary, Indiana.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 3.

**PARAGRAPH NO. 4:** At said time and place, and in furtherance of his duties, plaintiff was walking between tracks 14 and 16. As plaintiff walked along the designated walkway, the ground collapsed under plaintiff causing him to fall and be injured.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 4.

**PARAGRAPH NO. 5:** Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY'S business, and it was defendant's duty to plaintiff to exercise ordinary care to furnish him with a reasonably safe place in which to work; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed employee complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place; and it was defendant's absolute duty to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 5.

**PARAGRAPH NO. 6:** Defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY, at the time and place alleged, notwithstanding its' duties, was careless and negligent in one or more of the following particulars and thereby caused injury to plaintiff:

a. In failing to exercise ordinary care to provide plaintiff with a reasonably safe place In which to work;

b. In failing to exercise ordinary care to use reasonably safe methods in their track operations;

c. In failing to inspect the walkway;

d. In failing to maintain the walkway;

e. In failing to heed employee complaints regarding the hazardous condition of the walkway and in failing to take remedial measures in response to same;

f. In failing to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

g. In failing to comply with 49 C.F.R. 213.33, Track Safety Standards. which states: "Each drainage or other water carrying facility under or immediately adjacent to the roadbed must be maintained and kept free of obstruction to accommodate expected water flow for the area concerned."

h. In failing to warn plaintiff so as to avert injury to him at said time and place; and

i In delegating its' non-delegable duty to plaintiff to furnish him with a reasonably safe place in which to work. including the Tin Mill where it sent him to work.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 6 and specifically denies each and every allegation contained in subparagraphs a through i contained therein.

**PARAGRAPH NO. 7:** Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses. wage losses, and other damages supported by the evidence and permitted by law caused in whole or in part by the careless and negligent acts and omissions of defendant ELGIN JOLIET & EASTERN RAILWAY COMPANY.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 7.

### COUNT II

This defendant makes no answer to the allegations of Count II as they are not directed to it.

### COUNT III

This defendant makes no answer to the allegations of Count III as they are not directed to it.

### COUNT IV

This defendant makes no answer to the allegations of Count IV as they are not directed to it.

WHEREFORE the defendant Elgin, Joliet and Eastern Railway Company denies that it is liable to the plaintiff in any amount whatsoever and prays that the complaint against it be dismissed at plaintiff's costs.

### AFFIRMATIVE DEFENSES TO ALL COUNTS

1.  As a further and separate defense, this defendant avers that the complaint fails to state a claim for which relief can be granted.

2.     As a further and separate defense, the defendant avers that the damages, if any, sustained by the plaintiff Michael L. Bailey were as a result of the plaintiff's own negligence and lack of due care.

3.     As a further and separate defense, the defendant avers that the damages sustained, if any, by the plaintiff were caused or contributed to by actions of other parties over which this defendant had no control.

4.     As a further and separate defense, the defendant avers that if the plaintiff sustained damages as alleged, then the plaintiff failed to mitigate his damages.

5.     As a further and separate defense, the defendant avers that any liability it may have is limited by 735 ICLS 5/2-1117 to that portion of damages recoverable, if any, that the amount of this defendant's fault, if any, bears to the aggregate amount of fault for all tortfeasors.

6.     As a further and separate defense, the defendant avers that the cause of action was not commenced within the time limited by law.

7.     As a further and separate defendant, the defendant avers that the plaintiff Michael L. Bailey previously sustained physical injury and damage to his body and that his present medical condition results in whole or in part from pre-existing injury and damage.

WHEREFORE, the defendant prays that the cause of action against it be dismissed at plaintiff's costs.

s/ [signature]
Attorney for Defendant
Elgin, Joliet and Eastern Railway
Company

Richard Fred Johnson
**Hughes Socol Piers
 Resnick & Dym, Ltd.**
Suite 4000
70 W. Madison Street
Chicago, Illinois 60602
312/604-2618
32662

## CERTIFICATE OF SERVICE

The undersigned, on oath, states that she served a copy of the foregoing **Elgin, Joliet & Eastern Railway Company Answer and Affirmative Defenses**, by U.S. Mail, postage prepaid, from Three First National Plaza, Chicago, Illinois, on April 7, 2008 upon:

Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Driive, Third Floor
Chicago, IL 60606

SUBSCRIBED AND SWORN TO
before me this 7th day of
April, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JUANITA CRUDUP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/12/08