IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michael L. Bailey, and<br>Michelle Bailey,<br><br>              Plaintiffs,<br><br>v.<br><br>Elgin, Joliet & Eastern<br>Railway Company and,<br>USX Corporation,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08 C 734<br><br><br><br><br><br><br><br>**Defendant Demands Trial By Jury** |

## USX CORPORATION ANSWER AND AFFIRMATIVE DEFENSES

The defendant, "USX Corporation ", by counsel, responds as follows to plaintiff's complaint.

### COUNT I

This defendant makes no answer to the allegations of Count I as they are not directed to it.

### COUNT II
### MICHAEL L. BAILEY V. USX CORPORATION

**PARAGRAPH NO. 1**: Defendant USX CORPORATION is a corporation incorporated in the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil procedure 20 and 28 *U.S.C.* §1367.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 1.

**PARAGRAPH NO. 2:** Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 2.

**PARAGRAPH NO. 3:** Jurisdiction of this Court is also invoked against this defendant under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 3.

**PARAGRAPH NO. 4:** Defendant USX CORPORATION is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Illinois, and is subject to service of process and to the jurisdiction of this Court.

**ANSWER**: This defendant denies each and every allegation contained in paragraph 4.

**PARAGRAPH NO. 5**:  That on or about February 5, 2006, plaintiff was injured while working for defendants ELGIN, JOLIET & EASTERN RAILWAY COMPANY and USX CORPORATION at or near the Tin Mill Yard, Gary, Indiana.

**ANSWER:**  This defendant denies each and every allegation contained in paragraph 5.

**PARAGRAPH NO. 6**:  At said time and place. and in furtherance of his duties, plaintiff was walking between tracks 14 and 16. As plaintiff walked along the designated walkway, the ground collapsed under plaintiff causing him to fall and be injured.

**ANSWER:**  This defendant denies each and every allegation contained in paragraph 6.

**PARAGRAPH NO. 7:**  At the time of the accident and injury alleged herein, defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY and its employees were operating trains on the property of USX CORPORATION under an agreement so that plaintiff was engaged in and was performing work for the mutual benefit and interest as well as in furtherance of interstate commerce for both defendants. By virtue thereof, both plaintiff and defendant USX CORPORATION were subject to the Act of Congress known as the Federal Employer's Liability Act, 45 *U.S.* C. §51 and the Code of Federal Regulations, 49 *C..F.R. Part 213*, Track Safety Standards.

**ANSWER:**  This defendant denies each and every allegation contained in paragraph 7.

**PARAGRAPH NO. 8:** Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant USX CORPORATION's business, and it was this defendant's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place; and it was defendant's absolute duty to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 8.

**PARAGRAPH NO. 9:** Defendant USX CORPORATION, notwithstanding its' duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby proximately caused injuries to plaintiff:

a. In failing to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there;
b. In failing to exercise ordinary care to use reasonably safe methods in their track operations;
c. In failing to inspect the walkway:
d. In failing to maintain the walkway;
e. In failing to heed complaints regarding the hazardous condition of the walkway and in failing to take remedial measures In response to same;

> f. In failing to comply with the applicable provisions of the Code of Federal Regulations, 49 C.F.R. Part 213, Track Safety Standards.
>
> g. In failing to comply with 49 C.F.R. 213.33, Track Safety Standards, which states: "Each drainage or other water carrying facility under or immediately adjacent to the roadbed must be maintained and kept free of obstruction to accommodate expected water flow for the area concerned."
>
> h. In failing to warn plaintiff so as to *avert* injury to him at said time and place.

**ANSWER:** This defendant denies each and every allegation contained in paragraph and specifically denies each and every allegation contained in subparagraphs a through h contained therein.

**PARAGRAPH NO. 10:** Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of defendant USX CORPORATION.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 10.

WHEREFORE the defendant USX CORPORATION denies that it is liable to the plaintiff in any amount whatsoever and prays that the complaint against it be dismissed at plaintiff's costs.

5

## COUNT III

## MICHAEL L. BAILEY V. USX CORPORATION

**PARAGRAPH NO. 1:** Defendant USX CORPORATION is a corporation incorporated in the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil Procedure 20 and 28 *U.S.C.* §1367.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 1.

**PARAGRAPH NO. 2:** Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy. Defendant USX CORPORATION is subject to the jurisdiction and service of process of this Court.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 2.

**PARAGRAPH NO. 3:** That on or about February 5, 2006, plaintiff was injured while working for defendant ELGIN, JOLIET & EASTERN RAILWAY COMPANY at or near the Tin Mill Yard, Gary, Indiana.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 3.

**PARAGRAPH NO. 4:** At said time and place, and In furtherance of his duties, plaintiff was walking between tracks 14 and 16. As plaintiff walked along the designated walkway, the ground collapsed under plaintiff causing him to fall and be injured.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 4.

**PARAGRAPH NO. 5:** At the time and place alleged herein, plaintiff was an invitee upon premises owned, possessed and controlled by defendant USX CORPORATION, engaged in his duties for the mutual interests and benefit of both defendants, and it became and was the duty of defendant USX CORPORATION to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there; to use reasonably safe methods in their track operations; to maintain the walkway so as to eliminate potential tripping hazards; to inspect the walkway; to heed complaints regarding the hazardous condition of the walkway and to take remedial measures in response to same; to warn plaintiff so as to avert injury to him at said time and place.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 5.

**PARAGRAPH NO. 6:** Defendant USX CORPORATION, notwithstanding its' duties to plaintiff, was careless and negligent in one or more of the following particulars and thereby approximately caused injuries to plaintiff:

7

   a.  In failing to exercise ordinary care to have its premises in reasonably safe condition consistent with the work the plaintiff was performing there;

   b.  failing to exercise ordinary care to use reasonably safe methods in their track operations;

   c.  In failing to inspect the walkway:

   d.  In failing to maintain the walkway;

   e.  In failing to heed complaints regarding the hazardous condition of the walkway and in failing to take remedial measures in response to same;

   f.  In failing to properly maintain each drainage or other water carrying facility under or immediately adjacent to the roadbed;

   g.  In failing to keep each drainage or other water carrying facility under or immediately adjacent to the roadbed free of obstruction to accommodate expected water flow for the area concerned.

   h.  In failing to warn plaintiff so as to avert injury to him at said time and place.

**ANSWER:** This defendant denies each and every allegation contained in paragraph and specifically denies each and every allegation contained in subparagraphs a through h contained therein.

**PARAGRAPH NO. 7:** Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses, and other damages supported by the evidence and permitted by law proximately caused by the careless and negligent acts and omissions of defendant USX CORPORATION.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 7.

8

WHEREFORE the defendant USX CORPORATION denies that it is liable to the plaintiff in any amount whatsoever and prays that the complaint against it be dismissed at plaintiff's costs.

## COUNT IV

## MICHELLE BAILEY V. USX CORPORATION

**PARAGRAPH NO. 1:** Defendant USX CORPORATION is a corporation incorporated in the State of Delaware with its principal place of business located in Pittsburgh, Pennsylvania. Jurisdiction of this Court is invoked as to this defendant under Federal Rule of Civil Procedure 20 and 28 *U.S.C.* §1367. Supplemental jurisdiction over this defendant is invoked as this claim is so related to claims in this action which lie within the original jurisdiction of this Court so as to form part of the same case and controversy. Defendant USX CORPORATION is subject to the jurisdiction and service of process of this Court.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 1.

**PARAGRAPH NO. 2-7:** 2,3,4,5,6 and 7. As paragraphs 2, 3, 4 , 5 ,6 and 7, plaintiff adopts and reasserts the allegations of paragraphs 2, 3, 4, 5, 6 and 7 of Count III as if fully set forth herein as permitted by Rule 10(c) of the Federal Rules of Civil Procedure.

> **ANSWER:** This defendant adopts and incorporates by reference its answers to paragraphs 2 through 7 to Count III as its answers to paragraphs 2 through 7 of Count IV as if fully set forth herein.

**PARAGRAPH NO. 8:** Plaintiff MICHELLE BAILEY is and was at all times alleged herein the lawful wedded wife of MICHAEL L. BAILEY, and she was living with, consorting and cohabiting with her husband.

> **ANSWER:** This defendant denies having sufficient knowledge to admit or deny the allegation contained in paragraph 8 and therefore does not admit or deny the same.

**PARAGRAPH NO. 9:** As a direct and proximate result of the injuries sustained by her husband, MICHAEL L. BAILEY, plaintiff MICHELLE BAILEY has suffered a loss of services of her husband, which prior to his injuries, had been of great value to her, and she has been deprived of his affection, society, companionship and consortium.

> **ANSWER:** This defendant denies each and every allegation contained in paragraph 9.

**PARAGRAPH NO. 10:** As a further direct and proximate result of the injuries sustained by her husband, MICHAEL L. BAILEY, plaintiff MICHELLE BAILEY has been caused to expend money in and about having the services performed for her which previously had been performed by her husband, and will be compelled in the future to expend money for the services which her husband could and would have performed for her.

**ANSWER:** This defendant denies each and every allegation contained in paragraph 10.

WHEREFORE the defendant USX CORPORATION denies that it is liable to the plaintiff in any amount whatsoever and prays that the complaint against it be dismissed at plaintiff's costs.

## AFFIRMATIVE DEFENSES TO ALL COUNTS

1. As a further and separate defense, this defendant avers that this court lacks jurisdiction over the subject matter.

2. As a further and separate defense, this defendant avers that this court lacks jurisdiction over the person.

3. As a further and separate defense, this defendant avers that there has been insufficiency of service of process.

4. As a further and separate defense, this defendant avers that the complaint fails to state a claim for which relief can be granted.

5. As a further and separate defense, the defendant avers that the damages, if any, sustained by the plaintiff Michael L. Bailey were as a result of the plaintiff's own negligence and lack of due care.

6. As a further and separate defense, the defendant avers that the damages sustained, if any, by the plaintiffs were caused or contributed to by actions of other parties over which this defendant had no control.

7. As a further and separate defense, the defendant avers that if the plaintiffs sustained damages as alleged, then the plaintiffs have failed to mitigate his damages.

8. As a further and separate defense, the defendant avers that any liability it may have is limited by 735 ICLS 5/2-1117 to that portion of damages recoverable, if any, that the amount of this defendant's fault, if any, bears to the aggregate amount of fault for all tortfeasors.

9. As a further and separate defense, the defendant avers that the cause of action was not commenced within the time limited by law.

10. As a further and separate defendant, the defendant avers that the plaintiff Michael L. Bailey previously sustained physical injury and damage to his body and that his present medical condition results in whole or in part from pre-existing injury and damage.

WHEREFORE, the defendant prays that the cause of action against it be dismissed at plaintiff's costs.

s/ _____
Attorney for Defendant
" USX Corporation"

Richard Fred Johnson
**Hughes Socol Piers**
  **Resnick & Dym, Ltd.**
Suite 4000
70 W. Madison Street
Chicago, Illinois 60602
312/604-2618
32662

## CERTIFICATE OF SERVICE

The undersigned, on oath, states that she served a copy of the foregoing **USX Corporation Answer and Affirmative Defenses**, by electronic filing, from Three First National Plaza, Chicago, Illinois, on April 7, 2008 upon:

Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Driive, Third Floor
Chicago, IL 60606

s/ *[signature]*

SUBSCRIBED AND SWORN TO
before me this 7th day of
April, 2008.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JUANITA CRUDUP
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:06/12/08